I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 8/25/08

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG 25 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                     DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DOUGLAS SCHULLER,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>ROBERT HOREL,<br><br>　　　　　Respondent. | Case No. EDCV 08-1128-PA (RNB)<br><br>ORDER TO SHOW CAUSE |

On August 19, 2008, petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody herein. Petitioner purports to be challenging the sentence he received in Riverside County Superior Court on March 2, 2001 following petitioner's conviction pursuant to a plea bargain agreement.

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S.

1099 and 118 S. Ct. 1389 (1998).[1] 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[1] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, former Rule 31(a). Where the judgment of conviction was entered upon a guilty plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, former Rule 31(d); see also Cal. Penal Code § 1275. Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was May 1, 2001, when petitioner's time to file an intended notice of appeal expired.

Thus, if measured from the date on which the judgment of conviction became final,[2] petitioner's last day to file his federal habeas petition was May 1, 2002, unless a basis for tolling the statute existed. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). No such basis appears to exist here. The only collateral challenges

---

[2] Although petitioner purports to be relying on the Supreme Court's January 22, 2007 decision in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007) in support of his sentencing error claims, it does not appear to the Court that petitioner can make the requisite showing under 28 U.S.C. § 2244(d)(1)(C) that his claim is based on a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. In Cunningham, the Supreme Court was merely applying the rule of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as subsequently applied in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to California's determinate sentencing law. See Cunningham, 127 S. Ct. at 864-71; Butler v. Curry, 528 F.3d 624, 634-35 (9th Cir. 2008). The Ninth Circuit already has held that Blakely does not apply retroactively to a conviction that was final before that decision was announced. See Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005).

1  reflected in the Petition and attachments thereto are habeas petitions that petitioner
2  filed in turn in Riverside County Superior Court, the California Court of Appeal, and
3  the California Supreme Court. Petitioner would not be entitled to any statutory
4  tolling for any of those state habeas petitions, since the first of them was not filed
5  until after the Supreme Court issued its decision in Cunningham on January 22, 2007,
6  which was long after petitioner's federal filing deadline already had lapsed. See, e.g.,
7  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) (holding that § 2244(d) "does not
8  permit the reinitiation of the limitations period that has ended before the state petition
9  was filed," even if the state petition was timely filed), cert. denied, 540 U.S. 924
10 (2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington,
11 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

12       The Ninth Circuit has held that the district court has the authority to raise the
13 statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the
14 petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the
15 Rules Governing Section 2254 Cases in the United States District Courts, so long as
16 the court "provides the petitioner with adequate notice and an opportunity to
17 respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,
18 260 F.3d 1039, 1042-43 (9th Cir. 2001).

19       IT THEREFORE IS ORDERED that, on or before **September 25, 2008**,
20 petitioner show cause in writing, if any he has, why the Court should not recommend
21 that this action be dismissed with prejudice on the ground of untimeliness. If
22 petitioner intends to rely on the equitable tolling doctrine, he will need to include
23 with his response to the Order to Show Cause a declaration under penalty of perjury
24 //
25 //
26 //
27 //
28 //

1  stating facts showing (1) that "extraordinary circumstances" beyond petitioner's
2  control made it impossible for him to file the Petition on time, and (2) that he has
3  been pursuing his rights diligently. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S.
4  Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Beeler, 128 F.3d at 1287-89;
5  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

7  DATED: August 22, 2008

                                    ROBERT N. BLOCK
                                    UNITED STATES MAGISTRATE JUDGE